**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARJORIE STONE,** on behalf of herself and others similarly situated, | : : : | |
| **Plaintiff**, | : : | CASE NO. 3:20-cv-742 |
| v. | : : : | JUDGE |
| | : : | MAGISTRATE JUDGE |
| **LHC GROUP, INC.,** | : : : | **JURY DEMAND ENDORSED HEREON** |
| -and- | : : | |
| **CAMBRIDGE HOME HEALTH CARE, INC.,** | : : : : | |
| **Defendants**. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Marjorie Stone ("Stone" or "Plaintiff" or "Named Plaintiff") individually and on behalf of other members of the general public similarly situated, for their complaint against Defendants LHC Group Inc. ("LHC" or "Defendant LHC") and Cambridge Home Health Care, Inc. ("Cambridge" or "Defendant Cambridge")(collectively LHC and Cambridge will be referred to as "Defendants") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03,

4111.08, and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed the Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendants have done substantial business in the Northern District of Ohio.

### I. PARTIES

#### Plaintiff

4. Named Plaintiff, Marjorie Stone, is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff Stone was employed by Defendants beginning in or around August of 2012 until November 4, 2019.

6. Named Plaintiff primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Plaintiff was a Home Health Aide ("HHA") primarily performing HHA responsibilities at Defendant's Cambridge Home Health facility located in Marion, Ohio ("Cambridge Marion"). During her employment, Plaintiff traveled to and from

Defendants' clients' residences in and around Marion, Ohio, including, traveling to Caledonia, Ohio.

8. Named Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given their written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendant**

9. Defendant LHC is a foreign limited liability company that operates and conducts substantial business activities in the Northern District of Ohio and throughout Ohio. LHC is a provider of in-home healthcare services. Defendant LHC may be served through its Registered Agent Cogency Global, Inc., 3958-D Brown Park Drive, Hilliard, Ohio 43026.

10. Defendant Cambridge is corporation for profit and conducts substantial business activities in the Northern District of Ohio and throughout Ohio. Cambridge provides home health care services and does business under at least one fictitious name – Home Care by Black Stone. Defendant Cambridge may be served through its Registered Agent Cogency Global, Inc., 3958-D Brown Park Drive, Hilliard, Ohio 43026.

11. Upon information and belief, Defendant LHC is the parent company of Defendant Cambridge.

12. Plaintiff's Earnings Statements list Cambridge Home Health Care, 901 Hugh Wallis Rd. S., LaFayette, LA 70508 which is the same address as LHC's home office.

13. Defendant's are and have been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Acts.

14. During relevant times, Defendants have had operational control over significant aspects of the day-to-day functions of the Named Plaintiff and those similarly situated.

15. During relevant times, Defendants have had the authority to control the work schedules and employment conditions of Named Plaintiff and those similarly situated.

16. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiff and those similarly situated.

17. During relevant times, Defendants shared the services of Named Plaintiff and those similarly situated.

18. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

19. During relevant times, Defendants have had ultimate authority and control of employment records.

20. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

21. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**II. FACTS**

22. During her employment with Defendants, Plaintiff Stone worked as a Home Health Aide ("HHA") providing companionship services, domestic services, home care, and other in-home services. Stone regularly worked more than 40 hours per week but was not paid one and one-half her regular rate for all hours worked over 40.

23. At all times relevant herein, the Plaintiff Stone was an employee of Defendants as defined in the FLSA and the Ohio Acts.

24. At all times relevant herein, Plaintiff Stone was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

25. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Acts.

26. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

27. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

28. During relevant times, Defendants suffered and permitted the Named Plaintiff and similarly situated employees, including direct support professionals, support associates, caregivers, home health aides, certified nursing assistants, and state tested nursing assistants, to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay.

29. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment and recordkeeping laws of the United States and of the State of Ohio.

30. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

31.     Defendants' failure to compensate Plaintiff Stone and other Home Health Aides as set forth above resulted in unpaid overtime.

### III.     216(b) COLLECTIVE ALLEGATIONS

32.     The Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The 216(b) class consisting of:

> All current and former Ohio employees of Defendants who have worked as direct support professionals, support associates, caregivers, home health aides, certified nursing assistants, state tested nursing assistants, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek during the last three (3) years, and were not paid time and a half for the hours they worked over 40 (the "216(b) Collective" or the "216(b) Collective Members").

33.     Examples of employees that may be members of the 216(b) Collective includes, but may not be limited to, direct support professionals, support specialists, caregivers, home health aides, aides, certified nursing assistants, state tested nursing assistants and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

34.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiff is representative of those other similarly situated employees and are acting on behalf of their interests as well as her own in bringing this action.

35. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### IV. RULE 23 ALLEGATIONS

36. The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former employees of Defendants who have worked as direct support professionals, support associates, caregivers, home health aides, certified nursing assistants, state tested nursing assistants, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek during the last three (3) years and were not paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

37. The Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendants throughout the State of Ohio as defined above.

38. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

39. The Named Plaintiff is a member of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

40. The Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

41. The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

42. The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

43. Questions of law and fact are common to the Rule 23 Class.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (f)

what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

48. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought as part of a collective action by the Named Plaintiff on behalf of themselves and the 216(b) Class.

51. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

52. During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the 216(b) Class Members.

53. The Named Plaintiff and the 216(b) Class Members were paid on an hourly basis and worked in non-exempt positions.

54. The Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

55. Defendants violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek.

56. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

57. Defendants compensated Named Plaintiff and the 216(b) Class Members on an hourly and not a salary or fee basis.

58. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

59. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

60. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. This claim is brought under Ohio Law.

63. The Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants jointly are employers covered by the overtime requirements under Ohio Law.

64. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

65. The Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid overtime wages for this time spent working.

66. The Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

67. Defendants' repeated and knowing failures to pay overtime wages to the Named Plaintiff were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

68. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
### R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. The Named Plaintiff and the Rule 23 Class Members were jointly employed by Defendants.

71. During all relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

72. The OPPA requires Defendants to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74. The Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

    C.    Certifying the proposed Rule 23 Class under Ohio Law;

    D.    Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative class and collective members per week, and because Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

    E.    Awarding to Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

    F.    Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

    G.    Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

    H.    Awarding Named Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

    I.    Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

    J.    Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

                             Respectfully submitted,

                             **COFFMAN LEGAL, LLC**

                             */s/ Matthew J.P. Coffman*
                             Matthew J.P. Coffman (0085586)
                             Adam C Gedling (0085256)
                             1550 Old Henderson Road, Suite 126
                             Columbus, Ohio 43220
                             Phone: 614-949-1181
                             Fax: 614-386-9964
                             Email: mcoffman@mcoffmanlegal.com
                                          agedling@mcoffmanlegal.com

                             *Attorneys for Named Plaintiff*
                             *and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

                             */s/ Matthew J.P. Coffman*
                             Matthew J.P. Coffman